IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BUSINESS LOAN CENTER, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-0084-P-L |
| | ) | |
| F/V SEA COMMANDER V, *in rem*, | ) | ADMIRALTY *(in rem)* |
| | ) | |
| Defendant. | ) | |

ORDER  OF DISMISSAL

Pending before this court is plaintiff's Notice of Dismissal (doc.23).  Plaintiff states that this action "has been fully settled, satisfied and compromised, [and] this matter should be dismissed."  Id.

The F/V SEA COMMANDER V ("the Vessel") was the security underlying a Preferred Ship Mortgage issued by plaintiff Business Loan Center, L.L.C., and was the subject of this maritime attachment brought pursuant to 28 U.S.C. § 1333, under Rule 9(h) of the Federal Rules of Civil Procedure (docs.1-13, 15-23).  Plaintiff claims that the mortgagee breached the terms of the Mortgage by failing to pay the required installments (doc.1, ¶6).

On February 16, 2005, a Warrant for the arrest of the Vessel issued (docs.4-5), and a substitute custodian was named, Gazzier Shipyard, Inc. (doc.6).  On April 11, 2005, plaintiff, pursuant to Fed.R.Civ.P.Supp. Admiralty Rule C(4), filed Notice of no other undischarged liens or other mortgages on the Vessel.

On April 14, 2005, the court ordered the interlocutory sale of the Vessel (doc.15), and a Writ

of Venditioni Exponas was issued (doc.16).  The required advertisement of the sale was conducted (doc.17).

On May 25, 2005, the Vessel was sold at auction to plaintiff for $75,000.00, with a commission in the amount of $1,140.00 due the U.S. Marshal Service (doc.20).

On June 1, 2005, this court issued an Order Confirming Sale and Release of Vessel (doc.19). The Bill of Sale was issued the same day reflecting that the Vessel was sold "free and clear of all encumbrances and liens" (doc.21).

On June 2, 2005, the Clerk issued a directive to the substitute custodian, pursuant to Local Admiralty Rule 8, "to send written notice within five (5) days to all persons known... to have claims for charges incurred while the [V]essel was in the custody of the court, and... to notify such persons of the necessity of filing claims within ten (10) days..." (doc.22).  No claims have been filed.

Accordingly, with the sale of the Vessel confirmed, and with no other claims regarding the Vessel having been filed, it is ORDERED that this action be and is hereby DISMISSED with prejudice pursuant to Fed.R.Civ.P.41(a)(2).

DONE this 17th day of June, 2005.


    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE

2